B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>RTKL ASSOCIATES, INC. and VRATSINAS CONSTUCTION COMPANY | **DEFENDANTS**<br>TEXAS RANGERS BASBALL PARTNERS et al.<br>All Defendants are listed in the Notice of Removal, p.1 at n.1, filed hereunder. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>FORD NASSEN & BALDWIN P.C., 8080 N. Central Exprwy., Ste. 1600 LB 65, Dallas, TX 75206. (214) 523-5100 | **ATTORNEYS** (If Known)<br>For Defendant Rangers Baseball Express LLC (removing party) WHITE & CASE LLP, 633 W. Fifth St., Ste. 1900, Los Angeles, CA 90071. (213) 620-7700 |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Breach of contract, unjust enrichment, quantum meruit, fraudulent nondisclosure, negligent misrepresentation, fraudulent misrepresentation and fraudulent transfer relating to the failed real estate development planned for certain tracts of land currently used as parking at Rangers Ballpark in Arlington, Texas. ||

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☒ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☒ Check if a jury trial is demanded in complaint | Demand $7,444,618.81 |
| Other Relief Sought<br>Punitive damages, interest, and attorneys' fees. ||

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>TEXAS RANGERS BASEBALL PARTNERS | BANKRUPTCY CASE NO.<br>10-43400 | |
| DISTRICT IN WHICH CASE IS PENDING<br>NORTHERN DISTRICT OF TEXAS | DIVISION OFFICE<br>FORT WORTH | NAME OF JUDGE<br>D. MICHAEL LYNN |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Craig H. Averch | | |
| DATE<br>November 4, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Craig H. Averch | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| | |
|---|---|
| Craig H. Averch<br>State Bar No. 01451020<br>**WHITE & CASE LLP**<br>633 West Fifth Street, Suite 1900<br>Los Angeles, California 90071<br>Telephone:　(213) 620-7704<br><br>Glenn M. Kurtz<br>**WHITE & CASE LLP**<br>1155 Avenue of the Americas<br>New York, New York 10036<br>Telephone:　(212) 819-8252<br><br>Thomas E Lauria<br>State Bar No. 11998025<br>**WHITE & CASE LLP**<br>200 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone:　(305) 371-2700 | Scott E. Hayes<br>State Bar No. 09280050<br>Richard G. Dafoe<br>State Bar No. 05309500<br>**VINCENT, LOPEZ, SERAFINO & JENEVEIN, P.C.**<br>1601 Elm Street, Suite 4100<br>Dallas, Texas 75201<br>Telephone:　(214) 979-7400<br><br>Mary K. Braza<br>Michael J. Small<br>**FOLEY & LARDNER LLP**<br>777 East Wisconsin Avenue<br>Milwaukee, Wisconsin 53202<br>Telephone:　(414) 271-2400<br><br><br>**ATTORNEYS FOR RANGERS BASEBALL EXPRESS LLC** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| In re<br><br>TEXAS RANGERS BASEBALL PARTNERS,<br><br>　　　　　　　　Debtor. | Case No. 10-43400 (DML)<br><br>Chapter 11 |
| RTKL ASSOCIATES, INC. and VRATSINAS CONSTRUCTION COMPANY<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>TEXAS RANGERS BASEBALL PARTNERS, et al.[1]<br><br>　　　　　　　　Defendants. | Adversary No. _____<br><br>**NOTICE OF REMOVAL** |

---

[1] The defendants are: Texas Rangers Baseball Partners, HSG Partnership Holdings LLC, Hicks Holdings LLC, Hicks Glorypark, LLC, SEG of Ohio, Inc. (d/b/a Steiner + Associates, Inc.), Ballpark Real Estate, LP, SSR GP Interests, LP, SWS Realty, LLC, Arlington Interests, LP, Arlington Devco, LLC, Southwest Sports Realty Partners, LP, Texas Rangers Baseball Partners (in its capacity as post-effective date debtor under the confirmed Fourth Amended Plan of Reorganization, by and through its plan administrator), Rangers Baseball Express LLC and Rangers Baseball LLC.

Pursuant to 28 U.S.C. §§ 1452(a) and 1334(b), Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 9027-1(a) of the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"), and without waiving any applicable defenses at law or in equity to the claims asserted in the Texas State Case (as defined below), defendant Rangers Baseball Express LLC ("Baseball Express") hereby gives notice that it has removed the case styled *RTKL Associates, Inc.* et al.[2] *v. Texas Rangers Baseball Partners* et al.,[3] Cause No. DC-10-01163-A (the "Texas State Case") from the District Court for the 14th Judicial District, Dallas County, Texas (the "Texas State Court") to the Bankruptcy Court. In support hereof, Baseball Express states as follows:

**A.     Background**

1.      On February 1, 2010, the Plaintiffs filed the Plaintiffs' Original Petition (the "Original Complaint") relating to a failed real estate development project commonly referred to as "Glorypark," thereby commencing the Texas State Case. The Original Complaint asserted seven causes of action: (1) breach of contract; (2) unjust enrichment; (3) quantum meruit; (4) fraudulent nondisclosure; (5) negligent misrepresentation; (6) fraudulent misrepresentation; and (7) fraudulent transfer. The Original Complaint named as defendants the following parties: Texas Rangers Baseball Partners, HSG Partnership Holdings LLC, Hicks Holdings LLC, Hicks Glorypark, LLC, SEG of Ohio, Inc. (d/b/a Steiner + Associates, Inc.),

---

[2] The plaintiffs in the Plaintiffs' First Amended Petition filed on September 30, 2010 in the State Court Action are: RTKL Associates, Inc. ("RTKL") and Vratsinas Construction Company ("VCC"). Each such plaintiff is referred to herein as a "Plaintiff," and such plaintiffs collectively are referred to herein as the "Plaintiffs."

[3] The defendants in the Plaintiffs' First Amended Petition filed in the State Court Action are: Texas Rangers Baseball Partners, HSG Partnership Holdings LLC, Hicks Holdings LLC, Hicks Glorypark, LLC, SEG of Ohio, Inc. (d/b/a Steiner + Associates, Inc.), Ballpark Real Estate, LP, SSR GP Interests, LP, SWS Realty, LLC, Arlington Interests, LP, Arlington DevCo, LLC, Southwest Sports Realty Partners, LP, Texas Rangers Baseball Partners (in its capacity as post-effective date debtor under the confirmed Fourth Amended Plan of Reorganization, by and through its plan administrator), Rangers Baseball Express LLC and Rangers Baseball LLC. Each such defendant is referred to herein as a "Defendant," and such defendants collectively are referred to herein as the "Defendants."

Ballpark Real Estate, LP, SSR GP Interests, LP, SWS Realty, LLC, Arlington Interests, LP, Arlington DevCo, LLC, and Southwest Sports Realty Partners, LP. The Original Complaint did not name Defendant Baseball Express.

2. On May 24, 2010, Texas Rangers Baseball Partners (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"), commencing Case No. 10-43400 (DML) (the "Bankruptcy Case").

3. On June 1, 2010, Defendants VCC and RTKL filed in the Bankruptcy Case proofs of claim numbers 2-1 (the "VCC PoC") and 3-1 (the "RTKL PoC"), respectively. The VCC PoC and RTKL PoC asserted unsecured debts owing in the amounts of $4,018,960 and $2,937,771.90, respectively.

4. On August 5, 2010, the Bankruptcy Court confirmed the Fourth Amended Plan of Reorganization of Texas Rangers Baseball Partners under Chapter 11 of the Bankruptcy Code (the "Plan") [Bankruptcy Court D.I. 532]. *See* Order Confirming the Plan of Reorganization of Texas Rangers Baseball Partners Under Chapter 11 Of The Bankruptcy Code [Bankruptcy Court D.I. 534]. Among other things, the Plan provided for the sale of substantially all of the Debtor's assets. *See* Plan § 6.1(a). The specific terms of the asset sale are set forth in the Baseball Express Purchase Agreement (as that term is defined in the Plan) (the "APA"). *See Id.* §§ 6.1(a), 1.3, and 1.11.

5. Baseball Express is the Purchaser under the APA and the Plan. *See* Plan § 1.72. As such, Baseball Express assumed certain liabilities of the Debtor under the APA. *See, e.g.*, Plan § 2.3 (Purchaser under Plan obligated to assume certain tax liabilities of Debtor). In

connection with the assumption of such liabilities, Baseball Express was also granted the authority to object to those claims assumed by Baseball Express under the APA. Plan § 8.2.

### B. Entitlement to Remove

6. On September 30, 2010, the Plaintiffs filed their First Amended Petition in the Texas State Case (the "Complaint").[4] The Complaint is substantially similar to the Original Complaint, asserting the same seven causes of action, but it lists as additional defendants, among others, Baseball Express and its affiliate Rangers Baseball LLC. The Complaint generally alleges that Baseball Express and Rangers Baseball LLC are derivatively liable, "in whole or in part," for the Debtor's obligations to the Plaintiffs. The Complaint was served upon RBE no earlier than October 6, 2010.

7. The Texas State Case is a case related to the Bankruptcy Case, and, upon removal, constitutes a "core" proceeding. The alleged basis for Baseball Express's liability under the Complaint is identical that alleged in the RTKL PoC and the VCC PoC, each filed and currently subject to objection by Baseball Express in the Bankruptcy Case. Because the Texas State Case is related to the Bankruptcy Case, the Bankruptcy Court has jurisdiction over the Texas State Case upon removal pursuant to 28 U.S.C. § 1334(b) and Miscellaneous Order No. 33, entered August 3, 1984 in the United States District Court for the Northern District of Texas. Pursuant to 28 U.S.C. § 1452(a), *Industrial Clearinghouse, Inc. v. Mims* (*In re Coastal Plains, Inc.*), 338 B.R. 703, 711 (N.D. Tex. 2006), and Local Bankruptcy Rule 9027-1(a), the Texas State Case is removed directly to the Bankruptcy Court.

---

[4] Among other provisions, section 11.6 of the Plan precluded the Plaintiffs from asserting claims against Baseball Express that arose prior to the Effective Date. Baseball Express reserves all of its rights and claims related to the Plaintiffs' violations of the Plan.

8. As permitted pursuant to Bankruptcy Rule 9027(a)(3), this Notice of Removal is filed within thirty (30) days after receipt of a copy of the Complaint. Fed. R. Bankr. P. 9027(a)(3).

### C. Upon Removal, the Texas State Case is Core

9. Effective upon removal, the Texas State Case is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B) and (O). Because the Complaint is substantially the same as the Original Complaint attached to the RTKL PoC and the VCC PoC, the Complaint, the RTKL PoC and the VCC PoC all share a common nucleus of operative facts. Accordingly, Baseball Express's defense to the Complaint will be substantially similar to its objections to the RTKL PoC and the VCC PoC to be prosecuted in the Bankruptcy Court. Furthermore, proceedings to resolve the complaint will seek to clarify and adjust the debtor-creditor relationship as between the Debtors, Baseball Express and its affiliates, and the Plaintiffs.

### D. Process and Pleadings

10. Pursuant to Rule 9027(a)(1) of the Bankruptcy Rules and Rule 9027-1(c) of the Local Bankruptcy Rules, this Notice of Removal is accompanied by (a) a copy of the docket sheet in the Texas State Case, attached hereto as Exhibit A; and (b) copies of all process and pleadings filed in the Texas State Case prior to removal, attached hereto as Exhibit B.

### E. Filing in the Texas State Court

11. Pursuant to Bankruptcy Rule 9027(c), promptly after the filing hereof, the undersigned shall file a copy of this notice with the clerk of the Texas State Court.

WHEREFORE, the Movants hereby remove the Texas State Case from the Texas State Court to the Bankruptcy Court.

Dated: Fort Worth Texas
       November 4, 2010

Respectfully submitted,

By:   /s/ Craig H. Averch
    Craig H. Averch
    State Bar No. 01451020
    **WHITE & CASE LLP**
    633 West Fifth Street, Suite 1900
    Los Angeles, California 90071
    Telephone: (213) 620-7704

    Glenn M. Kurtz
    **WHITE & CASE LLP**
    1155 Avenue of the Americas
    New York, New York 10036
    Telephone: (212) 819-8252

    Thomas E Lauria
    State Bar No. 11998025
    **WHITE & CASE LLP**
    200 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone: (305) 371-2700

Scott E. Hayes
State Bar No. 09280050
Richard G. Dafoe
State Bar No. 05309500
**VINCENT, LOPEZ, SERAFINO & JENEVEIN, P.C.**
1601 Elm Street, Suite 4100
Dallas, Texas 75201
Telephone: (214) 979-7400

Mary K. Braza
Michael J. Small
**FOLEY & LARDNER LLP**
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Telephone: (414) 271-2400

*Attorneys for Rangers Baseball Express LLC*